UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **RENE SAENZ AND TRAVIS COLLINS** § | | |
| **Individually and on Behalf of all others** § | | |
| **similarly situated,** § | | |
|     Plaintiffs, § | **COLLECTIVE ACTION COMPLAINT** | |
| § | | |
| vs. § | | |
| § | **CIVIL ACTION NO. 7:20-cv-165** | |
| **DXP ENTERPRISES, INC. AND** § | | |
| **CHEVRON U.S.A., INC.** § | | |
|     Defendants. § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Rene Saenz and Travis Collins ("Plaintiffs"), on behalf of themselves and all others similarly situated, file this Original Complaint, as follows:

### I.    PRELIMINARY STATEMENT

1. DXP Enterprises, Inc. ("DXP") and Chevron U.S.A., Inc. ("Chevron") were formerly the employers, joint and/or co-employers of Plaintiffs and others similarly situated. Mr. Saenz worked as a Safety Consultant for DXP's client, Chevron, from October 2012 until December 2017. Mr. Collins worked as a Safety Consultant for DXP's client, Chevron, from April 2017 until October 2019. Both plaintiffs interviewed and were hired through DXP, and they worked exclusively on Chevron's drilling rigs.[1] While employed by DXP and/or Chevron, Plaintiffs were misclassified as independent contractors, despite the fact that they worked full time for DXP and/or Chevron, and virtually every aspect of their job was controlled by DXP and/or Chevron. DXP

---

[1] Both of these individuals primarily worked as Safety Consultants but may have also worked in other positions while they were paid a day rate and classified as independent contractors.

and/or Chevron misclassified Plaintiffs as independent contractors to avoid paying employment taxes, benefits and overtime. During their time with DXP and Chevron, Plaintiffs typically worked approximately 100 hours per week. Plaintiffs received a day rate regardless of the number of hours they worked in a given day or week, and never received overtime pay. On information and belief, there are a large number of workers that have been hired through DXP (and are paid through DXP) but are working at Chevron facilities, all of whom are classified as independent contractors and all of whom are paid a day rate and/or straight time and denied overtime pay.

2. Plaintiffs, on behalf of themselves and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 et. seq. (the "FLSA").

3. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **ALL WORKERS HIRED THROUGH DXP THAT WORKED AT CHEVRON FACILITIES IN TEXAS DURING THE PAST 3 YEARS WHO WERE CLASSIFIED AS INDEPENDENT CONTRACTORS AND PAID A DAY-RATE (THE "CLASS MEMBERS").**

4. For at least three years prior to the filing of this Complaint, Defendants willfully violated the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one-and-a-half times their regular rate of pay.

## II. PARTIES

5. Plaintiffs are individuals residing in Texas. Plaintiffs' Notices of Consent are attached hereto as Exhibits 1 and 2.

6. DXP is a Texas corporation with its principal place of business in Houston, Texas.

7. DXP may be served through its registered agent for service of process in Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

8. Chevron is a foreign corporation organized under the laws of Pennsylvania. Chevron maintains its headquarters and principal place of business in Contra Costa County, California. Chevron is a citizen of both Pennsylvania and California. Chevron may be served through its registered agent for service of process in Texas, Prentice-Hall Corp System, Inc., 211 E. 7th St., Suite 620, Austin, TX 78701.

### III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

10. This Court has personal jurisdiction over DXP because it is a Texas resident. ThisCourt has personal jurisdiction over Chevron because it conducts a significant amount of business in Texas and it has had continuous and systematic contacts with Texas and because there is a significant connection between the forum and the specific claims at issue in this case. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this

judicial district and division. Namely, Plaintiffs performed a substantial amount of work for Defendants as described herein in the Permian Basin, which is located in this judicial district and division.

### IV. COVERAGE

12. At all relevant times, DXP and/or Chevron acted, directly or indirectly, as the joint or co-employers with respect to Plaintiffs and others similarly situated. DXP and/or Chevron were responsible for all decisions related to the wages to be paid to the Class Members, the work to be performed by the Class Members, the locations of work performed by the Class Members, the hours to be worked by the Class Members, and the compensation policies with respect to the Class Members.

13. At all relevant times, Defendants have operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiffs (and others similarly situated) were employees for Defendants who was engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

16. Chevron is a major oil and gas production company. DXP is a publicly traded company that offers compliance and consulting services to clients in, inter alia, the oil and gas industry. DXP has contracted with Chevron, an international energy company engaged in exploration and production of oil and gas, to provide laborers for Chevron's drilling operations, including the Class Members such as Plaintiffs and others similarly situated.

17. Because Plaintiffs and other Class Members are paid a day rate, and because their schedules are set by DXP and/or its customer, Chevron, the Class Members are not given any opportunity to share in the profit and/or loss of their services. They are not allowed the freedom to take or reject assignments - instead they must report to Chevron's rigs as ordered to do by DXP or its customer, Chevron. Because they work full time (working very long hours) at Chevron's facilities, they are not allowed an opportunity to expand their business or to take on other assignments as true independent contractors would be expected to do. Moreover, the Class Members are manual laborers, not the kind of highly-skilled workers that would typically be classified as independent contractors. Finally, the Class Members did not provide their own tools or equipment and were not allowed to hire their own helpers, as true independent contractors typically do.

18. No exemption excuses Defendants from paying Plaintiffs and other similarly situated Class Members overtime rates under the FLSA.

19. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or

practice regarding overtime compensation. Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

20. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

21. Plaintiffs have retained the undersigned counsel to represent them and those similarly situated in this action. Pursuant to the FLSA, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI.   COLLECTIVE ACTION ALLEGATIONS

22. Other employees of Defendants have been victimized by the pattern, practice and policy of Defendants. Plaintiffs are aware that the illegal practices and policies of DXP and/or Chevron have been imposed on other, similarly situated workers.

23. Plaintiffs bring their claims on behalf of all current and former Class Members, or similar job descriptions or titles, who worked on a dedicated basis for Defendants.

24. Defendants' compensation policies and procedures with respect to Plaintiffs and the Class Members and wages paid to Plaintiffs and the Class Members are substantially similar, if not identical.

25. Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiffs or other Class Members.

26. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendants' liability under the FLSA.

27. Plaintiffs file this case as a collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

28. Plaintiffs request that Defendants identify all Class Members in order that proper notice of their right to opt-out of this class action (or, alternatively, to consent to participation in this collective action) may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers of the Class Members.

29. Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

30. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

31. Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII. CAUSE OF ACTION - VIOLATION OF THE FLSA

32. The foregoing allegations are incorporated herein by reference.

33. Plaintiffs and others similarly situated were non-exempt employees of DXP and/or Chevron.

34. Plaintiffs and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

35.     DXP and/or Chevron violated 29 U.S.C. § 201 et. seq. by willfully failing to pay Plaintiffs or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

36.     Plaintiffs, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII.   RELIEF SOUGHT

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Class Members, prays for relief against DXP and/or Chevron as follows in regards to the FLSA collective action claims:

- For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);
- For an Order awarding Plaintiffs (and those who may join in the suit) the costs of this action;
- For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees;
- For an Order awarding Plaintiffs (and those who may join in the suit) pre- judgment and post-judgment interest at the highest rates allowed by law; and
- For such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
Office Address:
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Mailing Address:
3267 Bee Cave Rd., Ste. 107, Box # 201
Austin, TX 78746
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEYS FOR PLAINTIFFS**